IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

KATHERINE A. HOOVER'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA.                          CASE NO. 1:10MJ9
                                          (Judge Keeley)


MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49]


I. INTRODUCTION

On June 14, 2010, the pro se petitioner, Dr. Katherine A. Hoover ("Hoover"), filed a motion seeking to vacate a warrant to search her residence issued by the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert") on March 1, 2010 (dkt. no. 8). In her motion, Hoover attempts to attack the validity of the search warrant by asserting that the magistrate judge lacked subject matter jurisdiction to issue it, and that both the warrant and search were constitutionally deficient. After Hoover filed several additional motions, Magistrate Judge Seibert issued four Reports and Recommendations

IN THE MATTER OF THE SEARCH OF                              1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE <u>PRO SE</u>
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE <u>PRO SE</u> PETITIONER'S MOTION FOR
<u>ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49</u>**

("R&Rs"), in which he recommended that the Court deny the relief sought by Hoover and affirm the validity of the search warrant. For the reasons discussed below, the Court adopts the magistrate judge's R&Rs in their entirety and denies Hoover's motions.

## II.   FACTUAL BACKGROUND

In the months prior to March 2010, after receiving reports suggesting that Hoover, as a licensed physician, was distributing controlled substances in violation of the Controlled Substances Act ("CSA"), the West Virginia State Police ("WVSP") and other law enforcement agencies initiated an investigation of Hoover. As part of that investigation, the WVSP sought a search warrant from Magistrate Judge Seibert to search Hoover's residence in Harrison County, West Virginia, and to seize property from it. In support of the WVSP's request for a warrant, Sergeant Michael Smith of the WVSP ("Sgt. Smith") submitted an affidavit that stated Hoover was

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

prescribing controlled substances to a majority of her patients at her medical clinic in Williamson, West Virginia. Hoover's patients would visit her clinic and obtain additional prescriptions without undergoing physical evaluations by Hoover establishing the clinical need for such drugs. The affidavit further stated that, between December 2002 and January 2010, Hoover had prescribed more controlled substances in West Virginia than any other physician in the state.

The affidavit asserted that, based on its investigation, the WVSP had concluded that Hoover was operating her medical clinic as a "pill mill," which allowed her to accumulate large amounts of cash through a conspiracy to distribute controlled substances in violation of the CSA, 21 U.S.C. §§ 846, 841(a)(1), 843(a)(2) and (3), and 18 U.S.C. § 1347 and 2. The affidavit also alleged that, during the week, Hoover would live in Williamson, West Virginia,

IN THE MATTER OF THE SEARCH OF  1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

and on weekends return to her residence in Harrison County, West Virginia. The WVSP had reason to believe that Hoover had items in her home in Harrison County that would yield evidence relating to her criminal activities in Williamson, West Virginia.

After considering the information in Sergeant Smith's affidavit, based on a finding of probable cause, Magistrate Judge Seibert issued a warrant on March 1, 2010 for the search of Hoover's residence, an adjacent garage, and three outbuildings, and seizure of patient and medical documentation. The WVSP executed the warrant on March 2, 2010, searched Hoover's residence, and seized items related to her alleged criminal activities.

### III. PROCEDURAL HISTORY

On June 14, 2010, Hoover moved to vacate the search warrant and have her property returned to her. She also sought an award of

IN THE MATTER OF THE SEARCH OF                                   1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

damages (dkt. no. 8). On July 8, 2010, she supplemented the motion with an addendum (dkt. no. 11).

**A.   The Magistrate Judge's Reports and Recommendations**

On October 28, 2010, Magistrate Judge Seibert issued an R&R ("first R&R")(dkt. no. 27) recommending that the Court deny Hoover's motion for default judgment. Following that, on December 30, 2010, Magistrate Judge Seibert issued three more R&Rs (dkt. nos. 32, 33, 34) recommending that the Court deny Hoover's motions 1) for declaratory judgment ("second R&R"); 2) to vacate the search and seizure of her property ("third R&R"); and 3) for summary judgment on her claims and on the government's failure to respond to her motion for summary judgment ("fourth R&R").

In his first and fourth R&Rs (dkt. nos. 27, 34), Magistrate Judge Seibert reasoned that Hoover's arguments were unavailing because the Federal Rules of Criminal Procedure, not the Federal

5

IN THE MATTER OF THE SEARCH OF                               1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

Rules of Civil Procedure, govern this action. See Fed. R. Crim. P. 41.

In his second R&R (dkt. no. 32), Magistrate Judge Seibert denied Hoover's request for declaratory relief because she failed to establish that this action presents an "actual controversy." See Crown Drug Co. v. Revlon, Inc., 703 F.2d 240, 243 (7th Cir. 1983)(holding that federal courts have discretionary authority to render declaratory judgments only when an "actual controversy" exists).

Magistrate Judge Seibert's third R&R (dkt. no. 33) recommended denying Hoover's motion to vacate the search warrant because the government has the power under the CSA to criminalize a physician's over-prescription of controlled substances, and the WVSP had legally obtained a warrant to search and seize her property pursuant to its investigation of such violations. See United States

IN THE MATTER OF THE SEARCH OF        1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

v. Place, 462 U.S. 696, 701 (1983)(explaining that seizures are not per se unreasonable when executed pursuant to a warrant issued by an impartial judicial officer upon a showing of probable cause).

### IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection has been lodged. 28 U.S.C. § 636(b)(1). The specific objection must "reasonably [] alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). A district court may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of

7

IN THE MATTER OF THE SEARCH OF                              1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE <u>PRO SE</u> PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE <u>PRO SE</u> PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

both factual and legal questions." <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

**V.   HOOVER'S OBJECTIONS TO THE REPORTS AND RECOMMENDATIONS**

Pursuant to the Tenth Amendment, Hoover challenges the Court's subject matter jurisdiction, and also argues that two international treaties, the Single Convention on Narcotic Drugs and the Convention on Psychotropic Substances (collectively the "Conventions"), stripped the federal government of the power to criminalize the prescribing methods of physicians. Based on these arguments, she reasons that the search warrant was invalid. <u>See Single Convention on Narcotic Drugs</u>, Mar. 30, 1961, 18 U.S.T. 1407 (1967); <u>Convention on Psychotropic Substances</u>, Feb. 21, 1971, 32 U.S.T. 543 (1980).

IN THE MATTER OF THE SEARCH OF                    1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

## VI. DISCUSSION

**A.    Congress's Power to Enforce the CSA**

    **1.    Constitutional Power to Regulate Physicians**

Hoover argues that the power to govern a physician's medical practice is reserved to the states through the Tenth Amendment, and that Congress's enactment of the CSA unconstitutionally invades the state's residual police powers. This argument is without merit.

The federal courts of appeal have widely recognized that the federal government has the power to regulate physicians. See e.g., United States v. Collier, 478 F.2d 268, 272-273 (5th Cir. 1973)(holding that Congress has the power under the Commerce Clause to regulate physicians for their role in the distribution of controlled substances); United States v. Rosenberg, 515 F.2d 190, 198 (9th Cir.), cert. denied, 423 U.S. 1031 (1975)(finding it

9

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

"singularly unpersuasive" that the CSA violates the Tenth Amendment). Because Congress has determined that the distribution and use of controlled substances has an impact on interstate commerce, the federal government has the constitutional authority to investigate and prosecute illegal distribution and prescription of controlled substances by a physician. See Collier, 478 F.2d at 272-273. Accordingly, Hoover's argument that the federal government cannot regulate her prescribing activities fails.

### 2. The Federal Government May Criminally Prosecute Physicians for Violations of the CSA

The Fourth Circuit has held that, even though Congress has given physicians the power to distribute controlled substances, physicians must do so in a responsible and professional manner. United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995). Thus, whenever a physician illegally dispenses controlled substances and

10

IN THE MATTER OF THE SEARCH OF                    1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

does not prescribe a medication for a legitimate medical purpose, she may be criminally prosecuted under the CSA. United States v. Moore, 423 U.S. 122, 142-143 (1975)(recognizing that, under the CSA, a physician is not within her "professional practice" when she gives inadequate physical exams, withholds tests, ignores drug misuse, prescribes freely, or becomes a "large-scale [drug] 'pusher'"); see United States v. Tran Trong Cuong, 18 F.3d 1132, 1137 (4th Cir. 1994)(holding that a physician violated 18 U.S.C. § 841(a)(1) when he distributed controlled substances without legitimately treating his patients).

Here, the allegations in Sgt. Smith's affidavit were sufficient to establish probable cause that Hoover's prescribing practices violated the CSA. It averred that Hoover over-prescribed medications, performed inadequate patient examinations, failed to offer her patients tests, and complied with her patients' demands

IN THE MATTER OF THE SEARCH OF                                    1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49

for controlled substances. See United States v. Moore, 423 U.S. at 142-143; and Tran Trong Cuong, 18 F.3d at 1137.

At bottom, because the federal government has the authority to investigate and prosecute physicians who prescribe controlled substances in violation of the CSA, Hoover's challenge to the federal government's authority to criminalize a physician's over-prescription of controlled substances is wholly without merit.

**B.  The Conventions Do Not Preclude the Government From Prosecuting Violations of the CSA**

Hoover also argues that, regardless of whether the federal government has the power to criminalize the over-prescription of controlled substances, the Conventions displace and trump this power. See Single Convention on Narcotic Drugs; Convention on Psychotropic Substances.

IN THE MATTER OF THE SEARCH OF        1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

An international treaty does not automatically function as domestic law unless it is ratified as a self-executing treaty and becomes law without congressional legislation. See Medellin v. Texas, 552 U.S. 491, 505 (2008). For a non-self-executing treaty to be enforceable within the United States, Congress must enact statutes to implement it. Id. at 504-05. See also Auguste v. Ridge, 395 F.3d 123, 132 n.7 (3rd Cir. 2005) (explaining that non-self-executing treaties require congressional legislation to become legally enforceable). The Conventions cited by Hoover were ratified by the U.S. Senate as non-self-executing treaties and thus require congressional legislation to carry them into effect. See Single Convention on Narcotic Drugs art. 35, 36; Convention on Psychotropic Substances art. 21, 22.

Congress has enacted legislation, the CSA, to establish the standards for the distribution of controlled substances in the

IN THE MATTER OF THE SEARCH OF                      1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

United States. The Conventions do not displace the CSA because they are not self-executing and Congress has not enacted legislation that permits Hoover's alleged prescribing practices. Hoover's argument, that the Conventions govern her actions and strip the Court of subject matter jurisdiction to issue a warrant for an investigation involving her possible violation of the CSA, therefore fails as a matter of law.

**C.   Hoover's Challenge to the Search Warrant**

Hoover also objects to all of Magistrate Judge Seibert's R&Rs on the grounds that the search warrant was constitutionally defective because it was "vague," based on a false affidavit, and lacked judicial authorization. (dkt. no. 44). Because an impartial judicial officer issued the warrant upon probable cause, however, Hoover cannot establish that Magistrate Judge Seibert violated the

IN THE MATTER OF THE SEARCH OF                              1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

Fourth Amendment when he issued the search warrant. Place, 462 U.S. at 701.

The Fourth Amendment requires that a warrant be supported by probable cause and signed by an impartial judicial officer. U.S. Const. amend. IV. When presented with a request for a search warrant by a law enforcement official, a judicial officer must review and test the affidavit used to support the request in a "commonsense and realistic fashion." United States v. Ventresca, 380 U.S. 102, 108 (1965). If he finds "probable cause" after conducting such a review, he may issue the warrant. Id. at 109; see also Ornelas v. U.S., 517 U.S. 690, 696 (1996) (concluding that "probable cause" exists when a reasonable person could believe that criminal activities may exist). As a general rule, searches executed "pursuant to a warrant will rarely require any deep inquiry into reasonableness." United States v. Leon, 468 U.S. 897,

15

IN THE MATTER OF THE SEARCH OF  1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

922 (1984)(quoting Illinois v. Gates, 462 U.S. 213, 267 (1983)(White, J., concurring in the judgment)).

Here, Magistrate Judge Seibert's search warrant reasonably authorized the WVSP to search Hoover's residence and seize her property. See Place, 462 U.S. at 701. The affidavit's allegations were sufficient for Magistrate Judge Seibert to find probable cause and make a common sense determination that a search of Hoover's residence could yield evidence of criminal activities. Ornelas, 517 U.S. at 696; Ventresca, 380 U.S. at 108; Leon, 468 U.S. at 922. Because the search warrant specifically described the purpose of the search and the items sought to be seized and was issued by an impartial judicial officer, its issuance did not offend the Fourth Amendment. See Ventresca, 380 U.S. at 111. Accordingly, Hoover's challenge on this basis fails as a matter of law.

IN THE MATTER OF THE SEARCH OF                                1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

**D.  This Action is a Criminal Proceeding**

Hoover also objects to the magistrate judge's recommendation to deny her motion for default judgment. She argues that this proceeding is governed by the Federal Rules of Civil Procedure. This objection fails as a matter of law because the Federal Rules of Civil Procedure do not govern this proceeding and Hoover may not move for entry of a default judgment, or for declaratory judgment or summary judgment for that matter, under those rules in a proceeding like this.

Moreover, Fed. R. Crim. P. 41(g), which does govern this proceeding, provides her no relief. That rule states that "[a] person aggrieved by an <u>unlawful</u> search and seizure . . . may move for the property's return." See Fed. R. Crim. P. 41(g)(emphasis added). See <u>Floyd v. United States</u>, 860 F.2d 999, 1002-03 (10th Cir. 1988)(requiring a movant to show that a seizure was illegal to

17

**IN THE MATTER OF THE SEARCH OF**                          **1:10-MJ-9**
**KATHERINE A. HOOVER'S RESIDENCE**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE <u>PRO SE</u> PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT [DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19, 21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25], MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44], AND DENYING AS MOOT THE <u>PRO SE</u> PETITIONER'S MOTION FOR ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

proceed in equity under Fed. R. Crim. P. 41(g)). Hoover may not seek relief under Fed. R. Crim. P. 41(g) as the search of her residence and the seizure of her property was not unlawful. <u>See</u> <u>United States v. Sweeney</u>, 688 F.2d 1131, 1146 (7th Cir. 1982).

### VII. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Seibert's R&Rs in their entirety (dkt. nos. 27, 32, 33, 34), and **DENIES** Hoover's motions to vacate the search and seizure warrant (dkt. nos. 8, 11), motions for summary judgment (dkt. nos. 19, 21), motion for declaratory relief (dkt. no. 21), motion for summary judgment based on the government's failure to respond to her motion for summary judgment (dkt. no. 23), motion for default judgment (dkt. no. 25), motion to return property (dkt. no. 31), and motion to strike the reports and recommendations of the magistrate judge

IN THE MATTER OF THE SEARCH OF                               1:10-MJ-9
KATHERINE A. HOOVER'S RESIDENCE

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE [DKT. NOS. 27, 32, 33, 34], DENYING THE PRO SE
PETITIONER'S MOTIONS TO VACATE THE SEARCH AND SEIZURE WARRANT
[DKT. NOS. 8, 11], MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 19,
21], MOTION FOR DECLARATORY JUDGMENT [DKT. NO. 21], MOTION FOR
SUMMARY JUDGMENT ON THE GOVERNMENT'S FAILURE TO RESPOND IN A
TIMELY MANNER TO HOOVER'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 23], MOTION FOR DEFAULT JUDGMENT [DKT. NO. 25],
MOTION FOR RETURN OF PROPERTY [DKT. NO. 31], MOTION TO
STRIKE THE REPORTS AND RECOMMENDATIONS [DKT. NOS. 31, 37, 44],
AND DENYING AS MOOT THE PRO SE PETITIONER'S MOTION FOR
ALTERNATE SERVICE [DKT. NO. 15], AND MOTION TO RULE [DKT. NO. 49**

(dkt. nos. 31, 37, 44), and **DENIES AS MOOT** Hoover's motion for alternate service (dkt. no. 15), and motion to rule (dkt. no. 49).

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order, and to transmits copies of both orders to counsel of record, and to mail copies to the pro se petitioner, via regular mail and registered mail, return receipt requested.

DATED: August 19, 2011.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE